IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREA BELL AND HEALTHCARE PLUS, | § |
| | § |
| vs. | § |
| | §   Civil Action No. _____ |
| EVERETT FINANCIAL, INC. dba SUPREME | § |
| LENDING, AMERIHOME MORTGAGE | § |
| COMPANY, LLC AND CENLAR FSB | § |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1446 and LOCAL RULE 81.1, Defendants AmeriHome Mortgage Company, LLC ("AmeriHome") and Cenlar FSB ("Cenlar") (collectively, the "Defendants") remove Cause No. DC-20-01670 from the 44th Judicial District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

## I.
## INTRODUCTION

Plaintiffs Andrea Bell ("Bell") and Healthcare Plus[1] (collectively, the "Plaintiffs") filed their Original Petition, Application for Temporary Restraining Order and Temporary Injunction (the "Petition") in state court on January 29, 2020.[2] The subject of the lawsuit is real property located at 4022 Meadow Canyon Drive, Lancaster, Texas 75146 (the "Property"), which AmeriHome had posted for a non-judicial foreclosure sale on February 4, 2020.[3]

Plaintiffs seek unspecified actual and exemplary damages from Defendants in connection

---

[1] Healthcare Plus is listed as a plaintiff in the case caption and purported to verify the Plaintiffs' factual allegations, but the Petition does not explain who or what this entity is, or what interest, if any, Healthcare Plus purportedly holds in the Property that is at issue in this suit.

[2] *See* Exhibit A-2: Petition.

[3] *See id.* at ¶¶16 & 21.

with the noticed foreclosure, as well as equitable relief restraining Defendants from foreclosing the Property and declaring Bell's Deed of Trust void.

## II.
## TIMELINESS AND CONSENT TO REMOVAL

Plaintiffs filed their Petition in state court on January 29, 2020. Plaintiffs have not requested the state court clerk to issue citations and neither Defendants, nor co-defendant Everett Financial, Inc. d/b/a Supreme Lending ("Everett"),[4/] have been served with process. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. §1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

AmeriHome and Cenlar consent to this removal. Everett's consent is not required because it is improperly joined and has not been served with process. *See* 28 U.S.C. §1446(b)(2)(A); *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) ("[O]nly co-defendants who have been 'properly joined *and served'* must join in or consent to the removal.")(emphasis in original).

## III.
## VENUE IS APPROPRIATE

Venue is proper in the U.S. District Court for the Northern District of Texas, Dallas Division, because this district and division includes Dallas County, Texas—the location of the pending state court action. *See* 28 U.S.C. §124(a)(1)(stating that the Dallas Division of the Northern District includes Dallas County).

---

[4/] Plaintiffs also have named Everett – the lender who originated Bell's mortgage loan in 2018 – as a defendant. As explained herein, Everett has been improperly joined by Plaintiffs solely for purposes of defeating diversity jurisdiction. Everett's citizenship should not be considered.

2

## IV.
## PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. §1446(a) and LOCAL RULE 81.1, attached to this Notice of Removal is an index of all matters being filed, which includes copies of all documents filed in the state court, the docket sheet in the state court action and a Certificate of Interested Persons in the form required by LOCAL RULE 3.1. Defendants also are filing a copy of the Notice of Removal with the Dallas County 44th Judicial District Court, pursuant to 28 U.S.C. §1446(d). No party has requested a jury trial.

## V.
## BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION

**A.     Diversity Jurisdiction.**

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 355 (5th Cir. 2017). "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal citations omitted). Both statutory prerequisites for diversity jurisdiction are present here.

**1.     Complete Diversity Exists Between Plaintiffs and the Properly Joined Defendants.**

Plaintiff Bell is a citizen and resident of Dallas County, Texas, residing at 4022 Meadow Canyon Drive, Lancaster, Texas 75146.[5] Because Bell is domiciled in Texas, she is a citizen of this state for diversity purposes. *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767-68 (5th Cir. 2015).

---

[5]     *See id.* at ¶7.

3

Plaintiff Healthcare Plus is a sole proprietorship of John James, an individual doing business in Dallas County, Texas.[6/] Accordingly, Healthcare Plus is a citizen of Texas for diversity purposes. *See, e.g., Nyamtsu v. Melgar*, No. H-13-2333, 2013 U.S. Dist. LEXIS 169380, at *8 n.4 (S.D. Tex. 2013).

Defendant AmeriHome is Delaware limited liability company. The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). The sole member of Amerihome Mortgage, LLC is Aris Mortgage Holding Company, LLC, which is also a Delaware limited liability company. The sole member of Aris Mortgage Holding Company, LLC is in turn A-A Mortgage Opportunities, LP, a Delaware limited partnership. A limited partnership is a "citizen of any state in which any of its partners is a citizen." *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 F. App'x 324, 327 n.3 (5th Cir. 2006). None of A-A Mortgage Opportunities, LP's partners is a citizen of Texas. Therefore, AmeriHome Mortgage, LLC is not a citizen of the State of Texas for diversity purposes.

Defendant Cenlar is federal savings bank with its home office in Ewing, New Jersey. A federal savings bank is a citizen of the State in which it has its home office. 12 U.S.C. § 1464(x); *see also Branum v. Aurora Bank, FSB*, No. 4:12–CV–447, 2013 WL 26700, at *2 (E.D. Tex. Jan. 2, 2013). Accordingly, Cenlar is a citizen of New Jersey for diversity purposes.

Because no properly joined defendant is a citizen of the same state as Green or Healthcare Plus, complete diversity of citizenship exists in this case.

---

[6/] *See id.* at ¶7 & Verification.

### 2. **Defendant Everett Has Been Improperly Joined.**

Defendant Everett has been improperly joined as a defendant in this action. Under the improper joinder doctrine, "the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). A defendant is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] defendant." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).

In making this determination, the Court conducts a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the improperly joined, in-state defendant. However, unlike a 12(b)(6) analysis, the Court retains discretion to "pierce the pleadings" and review summary judgment-type evidence on whether plaintiff has a viable cause of action under state law. *See Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016). A party to a complaint is "nominal" and thus disregarded for diversity purposes if "in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *See id*.

Everett is the original lender identified in Bell's Deed of Trust.[7] But as the Petition alleges – and the Dallas County real property records confirm – Bell's Deed of Trust was assigned to and is now owned by AmeriHome.[8] Everett, therefore, currently holds no interest in the Deed of Trust, claims no interest in the Property and is not seeking to foreclose *anything* – and the Petition does not allege otherwise. Rather, the at-issue foreclosure was noticed by what the Petition identifies

---

[7] *See id*. at ¶17. *See also* Exhibit 1 (Deed of Trust) to the Petition, at p. 2.

[8] *See id*. at ¶18 ("AmeriHome came into ownership of the loan and Cenlar became the mortgage servicer."); *see also* Exhibit A-8: Corporate Assignment of Deed of Trust.

as the current mortgagee (AmeriHome) and mortgage servicer (Cenlar).[9/]  Accordingly, Everett is not a necessary party to the injunctive relief that Plaintiffs seek.

Additionally, the Petition fails to allege any facts that plausibly suggest a right to recover against Everett under any of Plaintiffs' pleaded legal theories.  Here is why.

- <u>Failure to State a Statutory Fraud Claim Against Everett</u> – Plaintiffs' first cause of action against Everett for statutory fraud is implausible. Texas Business and Commerce Code § 27.01 pertains only to "misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco, 2000 pet. denied).  It is well-established that the statute is inapplicable to loan transactions.  *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Plunkett,* 27 S.W.3d at 611 ("A loan transaction, even if secured by land, is not considered to come under the statute.").  Because Plaintiffs cannot truthfully allege that they entered into any contract with Everett for the sale of real estate or stock between the parties, Plaintiffs' have not stated a viable statutory fraud claim against Everett.

- <u>Failure to State a Common Law Fraud Claim Against Everett</u> – The elements of common law fraud are that: (1) a defendant made a false material representation to the plaintiff with knowledge of the statement's falsity or a reckless disregard as to its truth, (2) the defendant intended the plaintiff to rely on the statement, (3) the plaintiff relied on the statement, and (4) the statement caused damage to the plaintiff. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).  Plaintiffs' common law fraud claim fails to meet the baseline federal pleading requirements, let alone the heightened standard that FED. R. CIV. P. 9(b) demands for fraud claims.  *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719,

---

[9/]   *See* Exhibit A-9: Filed Notice of Substitute Trustee's Sale.

724 (5th Cir. 2003) (quotation omitted) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.").

In a nutshell, Plaintiffs' conclusorily state that the "Defendants" allegedly "made false and material representations to Plaintiff when informing Plaintiff that they were delinquent in making their mortgage loan payments."[10] Plaintiffs do not identify *who* of the three defendants allegedly made these misrepresentations, *what* was said, *when or where* the statements were made, *how* the statements were false, or *how* Plaintiffs' conceivably relied upon such statements to their detriment. Thus, Plaintiffs have failed to state a viable fraud claim against Everett. *See, e.g., Tolliver v. Bank of N.Y. Mellon*, Civil Action No. 4:18-cv-00977-O-BP, 2019 U.S. Dist. LEXIS 142039, at *28 (N.D. Tex. 2019).

Additionally, while not set out as a basis for their fraud claim, Plaintiffs' vague allegation that "the loan itself was fraudulent as switching of loan documents on the Deed of Trust unbeknownst to Plaintiffs" will not support a fraud claim against Everett.[11] First, as above, Plaintiffs again fail to allege how pages were "switch[ed]," what pages, when, where or by whom, and therefore have not stated a viable fraud claim under Rule 9(b). Furthermore, where "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004). Plaintiffs' allegation that pages of Bell's Deed of Trust supposedly were "switch[ed]" is directly contradicted by the Deed of Trust that they attach to the Petition. That publicly-recorded document – which Bell admits she executed – contains Bell's notarized

---

[10] *See* Exhibit A-2: Petition at ¶26.

[11] *See id.* at ¶20.

7

signature and *her handwritten initials at the bottom of every single page*.[12]  The contents of the Deed of Trust – not Plaintiffs' conclusory (and false) allegation – controls.  *Id*.

- **Everett Cannot Breach a Contract to Which it is Not a Party** – Plaintiffs' breach of contract claim complains of the alleged failure to provide contractual pre-foreclosure notices required by Paragraph 22 of the Deed of Trust.[13]  But, as Plaintiffs correctly acknowledge, the Deed of Trust was assigned to AmeriHome and it was AmeriHome – *not* Everett – who later sought to foreclose.[14]  Everett cannot plausibly breach a contract to which it is was no longer a party.  *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Defendants "cannot have breached a contract to which [they were] not then a party.").  Accordingly, Plaintiffs have not stated a viable breach of contract claim against Everett.

- **Everett Does Not Claim Any Interest in the Property that Can be "Quieted"** – Plaintiffs' quiet title claim, as it pertains to Everett, is not viable for substantially the same reasons that Plaintiffs' breach of contract claim fails – Everett does not currently hold or claim any interest in the Property that is adverse to Plaintiffs' title.  Under Texas law, to prevail in a suit to quiet title, Plaintiffs must prove: (1) their right, title, or ownership in real property; (2) that Everett has asserted a "cloud" on the property – meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair Plaintiffs' title; and (3) that the Everett's claim or encumbrance is invalid. *See Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014).  Simply put, Everett does not current assert any outstanding claim.  The Deed of Trust was long ago assigned to AmeriHome.  Thus, even if Plaintiffs could plausibly and truthfully allege

---

[12] *See id.* at ¶17 ("On or about February 28, 2018, Andrea Bell, Plaintiff executed a Deed of Trust in favor of Everett. *See* Exhibit 1."); *see also* Exhibit 1 (Deed of Trust) to the Petition.

[13] *See id.* at ¶29.

[14] *See id.* at ¶18; Exhibit A-8: Assignment; Exhibit A-9: Filed Notice of Substitute Trustee's Sale.

that the Deed of Trust is supposedly invalid (which they cannot do), Everett holds no interest in that lien whatsoever.

For each of these reasons, Everett has been improperly joined in this action, and its presence does not defeat the Court's diversity jurisdiction. *See Borden,* 589 F.3d at 171.

### 3. The Amount in Controversy Exceeds $75,000.00.

A court may determine that removal was proper if it is facially apparent from the complaint that plaintiff's claims are likely to be above the jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). When a plaintiff does not allege an amount of damages, the removing defendant "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (internal quotations omitted).

The Petition does not allege a specific amount of damages. Rather, Plaintiffs seek temporary and permanent injunctive relief precluding Defendants from foreclosing the Property, and a declaration that Bell's Deed of Trust lien is void. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977)).

The fair market value of the Property that Plaintiffs seek to prevent Defendants from foreclosing, according to the most recent appraisal by the Dallas Central Appraisal District, is at least $218,130.00.[15] Additionally, the face amount of the Deed of Trust lien that Plaintiffs ask the

---

[15] *See* Dallas Central Appraisal District Summary attached as Exhibit A-10. It is appropriate for the court to take judicial notice of the Dallas Central Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Dallas Central Appraisal District—cannot reasonably be questioned. FED. R. EVID. 201(b)(2), 803(8); *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

Court to declare void, is $216,015.00.[16] It is therefore beyond dispute that the amount in controversy in this case exceeds $75,000.00.

## CONCLUSION

Having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1446 and LOCAL RULE 81.1, AmeriHome and Cenlar give notice that Cause No. DC-20-01670, now pending in the 44th Judicial District Court, Dallas County, Texas, has been removed to this Court.

Respectfully submitted,

By:   */s/ Joshua A. Huber*
Joshua A. Huber
State Bar No. 24065457
SD Tex. Bar No. 1001404
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
jhuber@blankrome.com

ATTORNEY FOR DEFENDANTS AMERIHOME MORTGAGE COMPANY, LLC AND CENLAR FSB

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, a true and correct copy of the foregoing and/or attached instrument was served electronically on all counsel of record who are registered users of the Northern District of Texas CM/ECF filing system, and by e-mail, as indicated below:

**Via E-mail:**
Rhonda S. Ross
Law Office of Rhonda S. Ross
121 East 12th Street, Suite 6
Houston, Texas 77008
rhonda@rhondarossattorney.com

   */s/   Joshua A. Huber*
Joshua A. Huber

---

[16] *See* Exhibit 1 (Deed of Trust) to Petition at p. 2.