IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA BELL and | § | |
| HEALTHCARE PLUS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-370-L** |
| | § | |
| EVERETT FINANCIAL, INC. d/b/a | § | |
| Supreme Lending; AMERIHOME | § | |
| MORTGAGE COMPANY, LLC; and | § | |
| CENLAR FSB, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants AmeriHome Mortgage Company, LLC's and Cenlar FSB's Motion to Dismiss (Doc. 6), filed March 4, 2020. Plaintiffs did not file a response to the motion. After careful review of the motion, pleadings, and applicable authority, the court **grants** Defendants AmeriHome Mortgage Company, LLC's and Cenlar FSB's Motion to Dismiss (Doc. 6), and **dismisses with prejudice** all claims asserted in this action against these two Defendants.

## I.      Background

Plaintiffs Andrea Bell ("Ms. Bell") and Healthcare Plus ("Healthcare") (collectively, "Plaintiffs") originally filed this action against AmeriHome Mortgage Company, LLC ("AmeriHome") and Cenlar FSB ("Cenlar") (collectively, "Defendants") on January 29, 2020, in the 44th Judicial District Court of Dallas County, Texas. Plaintiffs assert claims of statutory fraud, common law fraud, breach of contract, and to quiet title against Defendants. They seek to recover actual and exemplary damages against Defendants. Plaintiffs also seek injunctive relief and

request a declaratory judgment for their claim to quiet title against Defendants. *See* Pls.' Orig. Pet. 4-10.

Defendants removed this action to federal court on February 14, 2020, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of costs and interest. The lawsuit pertains to real property owned by Ms. Bell located at 4022 Meadow Canyon Drive, Lancaster, Texas 75146 (the "Property"), which AmeriHome had posted for a nonjudicial foreclosure sale on February 4, 2020. The parties do not contest the court's jurisdiction.

Defendants contend that Plaintiffs' Original Petition does not set forth any plausible claims against them, and that all claims against them should be dismissed for the following reasons:

1. <u>Statutory Fraud Does Not Apply to Loan Transactions</u>—Texas Business and Commerce Code § 27.01 pertains only to "misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.—Waco, 2000 pet. denied). It is well-established that the statute is inapplicable to loan transactions, such as the mortgage loan at issue in this suit. *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Plunkett,* 27 S.W.3d at 611) ("A loan transaction, even if secured by land, is not considered to come under the statute.").

2. <u>Plaintiffs Have Pled No Facts Plausibly Supporting a Fraud Claim</u>—Plaintiffs' threadbare, conclusory allegations of "fraud" are insufficient to meet the baseline federal pleading requirements—let alone the heightened standard that FED. R. CIV. P. 9(b) demands for fraud claims. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted) ("Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out."). Additionally, Plaintiffs' vague allegations of supposed "fraud" are plainly contradicted by the documents they attach to the Complaint, and their allegation that the Deed of Trust is a valid, binding contract that Defendants have allegedly breached. *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

3. <u>Plaintiffs Have Not Alleged Contract Damages</u>—Contract damages are a fundamental element of any Texas breach of contract claim. *See S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 848 (Tex. 2018).

**Memorandum Opinion and Order – Page 2**

In this case, the Property has not been foreclosed. In the absence of a foreclosure sale, Defendants['] alleged failure to provide contractual, pre-foreclosure notices could not have damaged Plaintiffs in any conceivable way. *See, e.g., Daniels v. Regions Bank*, Civil Action No. 4:19-cv-00416-P, 2019 U.S. Dist. LEXIS 166552, at *13 (N.D. Tex. 2019).

4. Plaintiffs' Quiet Title Claim Fails Because the Deed of Trust—which Bell [a]dmits [s]he Signed and Alleges [I]s a Binding Contract that Defendants [H]ave Allegedly Breached—is a Valid and Subsisting Lien Against the Property—Plaintiffs' quiet title claim fails as a matter of law because they have not alleged any facts plausibly suggesting that the subject Deed of Trust—which Bell admits signing and simultaneously claims is a valid contract that Defendants have somehow breached—is "invalid." *See Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (to quiet title under Texas law, a plaintiff must demonstrate the invalidity of a claim or encumbrance).

5. No Basis for Equitable Relief—Plaintiffs are not entitled to declaratory or injunctive relief because they have failed to state a viable substantive claim against Defendants. *See Butanaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, [752] n.3 (5th Cir. 1996).

Defs.' Mot. to Dismiss 1-3.

## II.    Pleading Standards

### A.    Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

**Memorandum Opinion and Order – Page 3**

678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.      Pleading a Claim for Fraud

All claims for fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,

238 F.3d 363, 368 (5th Cir. 2001) (applying the heightened pleading requirements to statutory claims based on allegations of fraud, as "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud on not.").  "Thus, allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Shushany v. Allwaste, Inc*., 992 F.2d 517, 521 (5th Cir.1993); *see Norman v. Apache Corp*., 19 F.3d 1017, 1023 (5th Cir.1994) (holding that while Rules 8 and 9(b) are to be harmonized, "Rule 8 has never been read to eviscerate Rule 9(b)'s requirement that an averment of fraud must be stated with particularity.").  "This standard is derived from concerns that unsubstantiated charges of fraud can irreparably damage a defendant's reputation." *Norman*, 19 F.3d at 1022.  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Techs*., 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003).

## III.   Analysis

The court has carefully reviewed Defendants' motion in light of the standards set forth herein and the authorities relied upon by Defendants for each claim asserted by Plaintiffs.  The court finds no need to write an esoteric and lengthy opinion, as Defendants have comprehensively addressed each claim asserted by Plaintiffs.  The court, essentially for the reasons set forth by Defendants, determines that their motion to dismiss should be granted because Plaintiffs have failed to set forth sufficient allegations for the court to reasonably infer that Defendants are liable to Plaintiffs for the misconduct alleged.  Plaintiffs, thus, have failed to state claims upon which

**Memorandum Opinion and Order – Page 6**

relief can be granted with respect to any claims asserted by them.  Accordingly, the court will dismiss with prejudice all claims asserted by Plaintiffs against Defendants.

## IV.      Miscellany

### A.      Healthcare Plus as a Party

The court has pored over the allegations of Plaintiffs' Original Petition, and it is at a loss as to why Healthcare Plus is a plaintiff in this litigation.  No allegations are set forth as to its role in this action.  Based on what the court can ascertain from the pleadings, Ms. Bell is the owner of the Property.  In any event, the court has ruled that neither Plaintiff has asserted claims upon which relief can be granted.

### B.      Amendment of Pleadings

Plaintiffs, of course, have not requested to amend their pleadings, as they have not even filed a response to Defendants' motion or requested an extension to do so.  They have been silent and not filed any documents in this action since its removal to federal court.  As Plaintiffs have not asked this court for leave to amend their pleadings, "[they] cannot expect to receive such a dispensation from the court of appeals."  *United States ex rel. v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citation omitted).  Moreover, allowing Plaintiffs to amend at this juncture will unnecessarily delay the resolution of this action.

### C.      Defendant Everett Financial, Inc. ("Everett")

The court has reviewed the record in this action, and it did find a docket entry to establish that Everett has ever been served as a defendant.  Plaintiffs shall effect service on Everett by **April 20, 2021**, or show good cause in writing why service cannot be effected by this date.  If Plaintiffs fail to effect service on Everett or show good cause for their failure to do so by this date, the court will dismiss without prejudice this action against Everett.

**Memorandum Opinion and Order – Page 7**

## V.      Conclusion

For the reasons set forth herein, the court **grants** Defendants AmeriHome Mortgage Company, LLC and Cenlar FSB's Motion to Dismiss; **dismisses with prejudice** all claims asserted by Plaintiffs against these two Defendants; and **orders** Plaintiffs to serve Defendant Everett by **April 20, 2021**, or show good cause in writing why it is unable to do so by the date ordered.  The court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) if Plaintiffs fail to effect service on Everett or show good cause for their failure to do so by the date ordered.

**It is so ordered** this 30th day of March, 2021.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 8**